**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THOM HAYWARD,
            *Plaintiff-Appellant,*

and

ANDRESEN COLOR OF SAN FRANCISCO
INC., a corporation,
            *Plaintiff,*

v.

CENTENNIAL INSURANCE COMPANY, a
corporation,
            *Defendant-Appellee.*

No. 03-17378

D.C. No.
CV-02-02858-WHA

OPINION

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted
October 19, 2005—San Francisco, California

Filed December 5, 2005

Before: Robert R. Beezer and Alex Kozinski, Circuit Judges,
and Cormac J. Carney,* District Judge.

Opinion by Judge Beezer

---

*The Honorable Cormac J. Carney, United States District Judge for the
Central District of California, sitting by designation.

15719

## COUNSEL

James L. Dawson and Brad C. Brereton, San Jose, California, for the plaintiff-appellant.

Gary R. Selvin and Jill S. Picone, Selvin Wraith Halman, LLP, Oakland, California, for the defendant-appellee.

## OPINION

BEEZER, Circuit Judge:

This case concerns the duty of an insurer to defend the insured against claims under a policy covering advertising

injury. While this case was before the district court, the California Supreme Court decided *Hameid v. National Fire Insurance of Hartford*, 71 P.3d 761 (Cal. 2003), which defines the term "advertising injury." As a result, the district court granted summary judgment in favor of the insurer. Hayward appeals.

We have jurisdiction under 28 U.S.C. § 1291 and affirm on the basis of California law.

## I

The relevant facts are undisputed. From 1996-1999, Hayward was employed by In Sync Media—San Francisco Corporation ("In Sync"), a provider of pre-press services to advertising agencies. In 1999, Hayward joined In Sync's competitor Andresen Color of San Francisco, Inc. ("Andresen"). In 2000, In Sync filed a complaint alleging breach of contract and breach of fiduciary duty against Hayward and alleging misappropriation of trade secrets and violation of the California Business and Professions Code against Hayward, Andresen and others. Andresen and Hayward tendered defense of the action to their insurance carrier, Centennial Insurance Co. ("Centennial"). Centennial denied it had a duty to defend or indemnify because the complaint alleged breach of the shareholder agreement and disclosure of confidential information, neither of which fell within either the personal injury or advertising injury definitions in the policy.

Hayward and Andresen sued Centennial for breach of insurance contract, breach of covenant of good faith and fair dealing and declaratory relief. The case was removed to federal court on diversity grounds. The district court entered summary judgment in favor of Hayward and Andresen on the breach of contract claim, holding that the policy exclusion for infringement or violation of trade secrets did "not necessarily comprehend all confidential business information, such as marketing ideas." At the request of Centennial, a stay was

entered pending the California Supreme Court's decision in *Hameid*.

*Hameid* defines advertising as widespread promotion to the public at large; therefore the court held that the complaint underlying that case, which alleged only solicitation, did not trigger a duty to defend. *Hameid*, 71 P.3d at 762. Here, the district court modified its earlier order and held that under *Hameid* Centennial had no duty to defend and was entitled to declaratory relief. All other issues were disposed of in a stipulated judgment. Hayward appeals the district court's modified order.

We review a district court's grant of summary judgment de novo. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We apply California law to the merits because federal jurisdiction is based on diversity of the parties. *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 778 (9th Cir. 2003).

## II

**[1]** In California, an insurer has a duty to defend its insured when, comparing the allegations in the third party complaint with the terms of the policy as well as considering extrinsic facts, there is "*any* potential for liability under the policy." *Horace Mann Ins. Co. v. Barbara B.*, 846 P.2d 792, 795, 797 (Cal. 1993). Coverage for advertising injury requires the policy holder to offer facts to support a finding of: (1) an advertising injury as defined in the policy, (2) a course of advertising, and (3) proof of a causal relationship between the first and second elements. *Bank of the West v. Superior Court*, 833 P.2d 545, 558-60 (Cal. 1992). Centennial and Hayward dispute the first element: whether the In Sync complaint raised issues potentially within the advertising injury coverage under the insurance policy.

**[2]** Under *Hameid*,[1] advertising injury "requires widespread promotion to the public such that one-on-one solicitation of a few customers does not give rise to the insurer's duty to defend the underlying lawsuit." *Hameid*, 71 P.3d at 762. In *Hameid*, beauty salon workers and their new employer (Hameid) were sued by the workers' former employer, a neighboring salon owner, for utilizing plaintiff's customer list to identify and solicit customers. *Id.* at 763, 765. The complaint alleged the "defendants possessed trade secrets, including [the plaintiff's] customer list, price list and pricing policies, and that the defendants had misappropriated the above-described trade secrets by committing certain acts, including, but not limited to: utilizing the customer list in order to identify and solicit [the plaintiff's] customers." *Id.* at 763 (internal quotation marks omitted). Hameid's insurance carrier refused to defend him, arguing the harm was not within "advertising injury" coverage; Hameid sued the carrier. The California Supreme Court held that solicitation of customers from a customer list cannot constitute advertising within the meaning of the policy because it does not involve "widespread distribution of promotional materials to the public at large," the "ordinary and popular meaning" of advertising. *Id.* at 769.

**[3]** In *Rombe Corp. v. Allied Insurance Co.*, 27 Cal. Rptr. 3d 99, 101 (Cal. Ct. App. 2005), the California Court of Appeal interprets *Hameid* to mean that "advertising" and "solicitation" are mutually exclusive terms. Though we are not bound by that court's interpretation, *see Appling*, 340 F.3d at 778, we follow it here.

**[4]** In Sync's complaint alleged Hayward misappropriated

---

[1]*Hameid* applies here though it had not been decided when Centennial reviewed Hayward's request for defense. *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 631 (Cal. 1995); *Standard Fire Ins. Co. v. Peoples Church of Fresno*, 985 F.2d 446, 448-50 (9th Cir. 1993) (applying California Supreme Court case decided while diversity case was on appeal).

trade secrets and breached the Shareholder Agreement and his fiduciary duty. In Sync accused Hayward of agreeing with Andresen that he would bring confidential information including trade secrets, marketing plans, data and customer and supplier identities to Andresen and that he would solicit customers, or potential customers, of In Sync for Andresen. Like the underlying complaint in *Hameid*, In Sync's complaint, as it pertains to potential advertising injury, is limited on its face to allegations of *solicitation* of customers. The language in In Sync's complaint is virtually identical to that in *Hameid*: In Sync alleged Hayward breached his obligation to In Sync by "speaking with and soliciting customers of In Sync . . . in connection with his plan to move over to Andresen" and misappropriated trade secrets by "obtaining a book of business of plaintiff's customers" and "and solicited customers or potential customers of . . . In Sync . . . for services to be performed by defendants." Because In Sync's complaint alleged wrongful solicitation, and not advertising, under *Hameid* and *Rombe*, the complaint on its face absolved Centennial of the duty to defend Hayward. On the basis of the complaint, Hayward, the policy holder, could not offer facts to support a finding of an advertising injury as defined in the policy.

**AFFIRMED.**